GEORGE MOORE *vs.* CASPER E. MARSHALL.

York. Opinion July 30, 1884.

*Trust. Sale. Money had and received.*

C and G were tenants in common of a parcel of real estate, C conveyed his part to G and took G's note therefor. Both parties agreed that the sale was one only in form, that C was to continue the actual owner of one-half and that G should not be required to pay the note. G sold and conveyed a part of the land and paid to C a portion of the purchase money received therefor. C, then, in violation of the understanding, sold the note and G was compelled to pay it, principal and interest, to the purchaser. *Held,* that by the sale of the note C violated a trust and thereby forfeited his right to retain that portion of the purchase money received from G and that assumpsit for money had and received was a proper form of action in which to recover it.

ON REPORT.

The opinion states the case.

*Copeland and Edgerly,* for the plaintiff, cited: *Butler* v. *Moore,* 73 Maine, 151; *Perkins* v. *Dunlap,* 5 Maine, 268; *Jellison* v. *Jordan,* 68 Maine, 373; *Kidder* v. *Hunt,* 1 Pick. 328; *Thompson* v. *Gould,* 20 Pick. 134; *Hoag* v. *Owen,* 57 N. Y. 644; *Churchill* v. *Stone,* 58 Barb. 233; *Graves* v. *Wait,* 59 N. Y. 156; *Murray* v. *Richards,* 1 Wend. 58; *Spring* v. *Coffin,* 10 Mass. 31; *Lawrence* v. *Carter,* 16 Pick. 12; *Gardiner Mfg. Co.* v. *Heald,* 5 Maine, 381; *Hilton* v. *Homans,* 23 Maine, 136; *Dyer* v. *Wilbur,* 48 Maine, 287; *Gilman* v. *Cunningham,* 42 Maine, 98; *Millett* v. *Holt,* 60 Maine, 169;

*Braley* v. *Goddard*, 49 Maine, 115; *Dwinel* v. *Stone*, 30 Maine, 384; *Gilmore* v. *Black*, 11 Maine, 485; *Howard* v. *France*, 43 N. Y. 593; *Raymond* v. *Bearnard*, 12 Johns. 274.

*G. C. Yeaton* and *H. V. Moore*, for the defendant.

From the unconflicting evidence of both it seems clear that they were either copartners in buying and selling land, or in any case tenants in common of a lot of land purchased, paid for, held, and lots sold therefrom on joint account with all current expenses and proceeds of sales equally divided, with a large portion of the land still unsold and now in the sole possession of the plaintiff, who has the entire legal title thereto, and no account whatever between the parties ever having been settled.

If plaintiff and defendant were copartners in the business of buying the tract of land and allotting it and selling the lots as opportunity arose, there having been no settlement between them, neither can maintain assumpsit against the other for any matters arising therefrom. *Holyoke* v. *Mayo*, 50 Maine, 385; 2 Ewell's Lindley on Part. 1029, and notes, 651, 15, 20, 57, *et seq.*; *Ryder* v. *Wilcox*, 103 Mass. 24; *Dudley* v. *Littlefield*, 21 Maine, 418.

But if plaintiff and defendant are to be regarded merely as tenants in common of real estate, neither can maintain an action against the other for his share of money received therefrom until there has been a settlement between them. *Maguire* v. *Pingree*, 30 Maine, 509; *Knowlton* v. *Reed*, 38 Maine, 246; *Gowen* v. *Shaw*, 40 Maine, 56; *Moses* v. *Ross*, 41 Maine, 360; *Wright* v. *Eastman*, 44 Maine, 220; *Lane* v. *Tyler*, 49 Maine, 252; *Millett* v. *Holt*, 60 Maine, 169; *Shepard* v. *Richards*, 2 Gray, 424, 427; *Terry* v. *Brightman*, 132 Mass. 318.

Finally, whether partners or not, or cotenants or not, indeed whatever may be their relation to each other, how can assumpsit be maintained for money voluntarily paid by the plaintiff to the defendant, under no mistake of fact? There is no suggestion of a loan; they were all payments of what upon all the facts now known both parties then believed was due to defendant. The

contract between them by virtue of which these payments were made has never been rescinded by the plaintiff; he still holds. about five acres of the land. *Rand* v. *Webber*, 64 Maine, 191 ;. *Butler* v. *Moore, supra.*

WALTON, J. This is an action for money had and received. It is before the law court on report, the court to render such: judgment as the law and the evidence require.

The facts are these : The plaintiff and the defendant were owners in common of a parcel of real estate. The defendant conveyed his half to the plaintiff, taking therefor a note for one thousand dollars. Both parties agree that this transaction,. though in form a sale, was not intended to be such in fact; that the understanding was that the defendant should continue to be regarded as the real owner of one-half of the land as before the conveyance, and that the plaintiff should not be required to pay the note. What the motive for this arrangement was, is not clear, the plaintiff's testimony tending to prove that it was for the purpose of placing the title beyond the reach of an unfriendly creditor, while the defendant testifies that it was to enable the plaintiff to sell the land and give a good title to it without calling on him to sign the deed. But both parties agree that it was intended to be a sale in form only, and that the plaintiff should not be required to pay the thousand dollar note which he had given as the nominal or pretended consideration for the conveyance. Such being the condition of the title, and the understanding of the parties, the plaintiff sold a portion of the land for about fifteen hundred dollars, and of this sum the defendant received between four and five hundred dollars. The defendant then, in violation of the understanding between. him and the plaintiff, sold the thousand dollar note, and the plaintiff was compelled to pay it, principal and interest, to the purchaser.

The plaintiff now claims that, inasmuch as the defendant has,. by his wrongful act, compelled him to pay for the defendant's. half of the land, and the defendant has received his pay for it, the defendant is no longer entitled to retain the money (between

four and five hundred dollars) which he received at the time portions of the land were sold to other parties; and we think the plaintiff's claim is well founded. The defendant received the money in the execution of a trust existing between him and the plaintiff. He has violated that trust, and thereby forfeited his right to retain the money. And to allow him to retain it would in effect enable him to receive pay for a portion of his land twice. In equity and good conscience this money belongs to the plaintiff; and this is a proper form of action in which to recover it.

> *Judgment for the plaintiff for $449.81,*
> *and interest from the time the money*
> *was received by the defendant to date*
> *of judgment.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.